**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GABRIEL GARCIA,

    Petitioner,

v.                                           CASE NO: 8:05-CV-2022-T-30MSS

W.C. SMITH, et. al,

    Respondents.
_____/

## ORDER

Petitioner, a State of Florida inmate proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his 2002 convictions for aggravated battery, and tampering with a witness entered by the Sixth Judicial Circuit Court, Pasco County, Florida. (Dkt. #1.) Respondents filed a Response to Petition for Writ of Habeas Corpus (Dkt. #7), and Petitioner filed a Reply to the response (Dkt. #13).

### BACKGROUND

On October 15, 2002, Petitioner pled no contest to two counts of aggravated battery, and tampering with a witness. He received three years probation pursuant to plea negotiations. Petitioner did not appeal his conviction, so it became final thirty days later, on November 14, 2002. On February 6, 2004, Petitioner admitted to violating probation, and received a 96 month incarceration sentence. Petitioner also received an incarceration

sentence for unrelated charges.

On August 2, 2004, Petitioner filed a motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850(b) ("3.850 Motion"). In his 3.850 Motion, Petitioner raised three grounds for relief. Petitioner alleged ineffective assistance of counsel due to counsel's failure to: (1) challenge the factual basis of the second degree felony aggravated battery on Faye Norma Palmer; and (2) contest the degree of the aggravated battery charge on Angela Marie Roberts. In Petitioner's third ground, he claimed that his second degree felony child abuse conviction was unlawful because the charge was actually reduced to a third degree felony. The trial court denied his 3.850 Motion on October 19, 2004. Petitioner appealed and on August 3, 2005, the Second District Court of Appeal affirmed the trial court in a *per curiam* decision.

Petitioner filed the instant Petition for a Writ of Habeas Corpus on October 31, 2005. In the Petition, Petitioner asserts two claims for ineffective assistance of counsel, and one claim alleging an unlawful sentence. Respondents contend that Petitioner is not entitled to relief for the following two reasons: first, Petitioner's petition is time barred under 28 U.S.C. § 2244(d) by the one-year limitation period applicable to § 2254 petitions; and second, Respondents argue that Petitioner can not demonstrate that the state court unreasonably applied federal law.

**Standard of Review**

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody

pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts may not grant habeas relief with respect to claims adjudicated on the merits in state court unless the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003).

Ineffective assistance of counsel claims are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 684 (1984). To establish a *prima facie* claim, Petitioner must prove that (1) counsel's performance was deficient; and (2) that the deficient performance prejudiced the Petitioner. *Id*. The *Strickland* standard defines the proper measure of attorney performance as "reasonableness under prevailing professional norms," but counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Deficient performance requires a showing that "in light of all of the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Petitioner must show that counsel's deficient performance actually prejudiced the

defense case. *Strickland*, 466 U.S. at 691-92. A petitioner's case is prejudiced when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Even an unreasonable error by counsel does not necessitate the setting aside of a judgment if the error did not affect the judgment. *Id.* at 692. Strategic decisions rendered by counsel after a complete review of relevant laws and facts are "virtually unchallengeable." *Id.* at 690-91. Petitioner can not meet his burden by showing that counsel could have chosen a different course at trial. *White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). Rather, Petitioner must show that counsel did not do what was constitutionally compelled to provide adequate counsel. *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (*en banc*) (*quoting Burger v. Kemp*, 483 U.S. 776, 794 (1987)).

## **DISCUSSION**

**I.     Timeliness**

Respondents contend that the instant Petition - filed on October 31, 2005 - should be denied as untimely because it was not filed within one year of the date that Petitioner's judgment became final (not counting the time properly filed motions for post-conviction relief were pending) as required by AEDPA. 28 U.S.C. § 2244(d)(1)(A) (one-year period for habeas petitions begins to run from the "date which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); *see Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002) (AEDPA imposes a one-year statute of limitations on all habeas petitions). Petitioner argues that his Petition should be considered

timely because he filed within one year of the date on which his probation was revoked, and the state court retained jurisdiction until that time. Petitioner is incorrect; the convictions he challenges in this § 2254 Petition became final on November 14, 2002, thirty days after he was sentenced to probation. *See* Fla. R. App. P. 9.140(b)(1)(C) ("A defendant may appeal an order granting probation"); *see also Cox v. State*, 975 So.2d 1163, 1165 (Fla. 1st DCA 2008) (permitting petitioner to appeal after a final order of probation); *Dey v. State*, 967 So.2d 1070 (Fla. 2nd DCA 2007).

Here, the Court's central task is to determine whether an aggregate of one year elapsed between the time Petitioner's judgment became final, and the filing of the instant Petition - not counting periods in which properly filed motions were pending. In this case, the dates provided by the parties support the following calculations:

(1)  November 14, 2002 — August 2, 2004: 627 days elapsed

(2)  August 3, 2005 — October 31, 2005: 88 days elapsed

$$\begin{array}{r}\textbf{627 days}\\+\quad\textbf{88 days}\\\hline =\quad\textbf{715 days}\end{array}$$

The above calculations by the Court add up to seven-hundred and fifteen days (715), rendering Petitioner's § 2254 Petition untimely. Petitioner requests equitable tolling in his Reply brief (which is improper), but the Court will not grant equitable tolling in this case. Generally, AEDPA's one-year requirement can only be equitably tolled when Petitioner demonstrates diligence in his effort to file a timely habeas petition, and "extraordinary and

unavoidable circumstances" that prevented Petitioner from timely filing the petition. *See Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir. 2006); *Helton v. Sec'y for Dept. of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001) (*quoting Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). Petitioner bears the high burden of proving that equitable tolling should be granted. *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007). The 'extraordinary circumstances' standard applies to the circumstances surrounding the filing of the habeas petition, rather than the circumstances surrounding conviction. *See Helton*, 259 F.3d at 1314-15.

Petitioner has failed to demonstrate any extraordinary circumstances which would warrant equitable tolling. Petitioner fails to point to *any* evidence or circumstance that prevented him from timely filing the instant motion. Therefore, the Court will not apply equitable tolling. However, even had the Court granted equitable tolling, the petition would be denied for the reasons stated below.

**II.   Overview of Claims:**

Petitioner's present habeas petition presents three claims, two alleging ineffective assistance of counsel for failure to:

(1)   "challenge the factual basis of the second degree aggravated battery on Faye Norma Palmer"; and

(2)   present a defense that would "adversarially [sic] test the summation and authenticity of the arrest affidavit" and that the victim was pregnant.

Petitioner made a third claim that his sentence for second degree felony child abuse

was illegal, and resulted in manifest injustice.

This Court determines that since Petitioner raised all claims in his 3.850 Motion, they were exhausted at the state level and would be ripe for review had this petition been timely filed. The merits are addressed below.

### III.    Ground One

Petitioner alleges that trial counsel provided ineffective assistance by "failing to challenge the factual basis of the second degree aggravated battery on Faye Norma Palmer." In support of his claim, Petitioner asserts that he should have been charged with third degree, not second degree, aggravated battery because the victim suffered an abrasion, not a cut or slice.

Petitioner raised this claim in his 3.850 Motion. The state court denied relief on this claim as follows:

> In ground one, the defendant claims that his attorney was ineffective for "failing to challenge the factual basis of the 2nd degree felony aggravated battery on Faye Norma Palmer". The defendant, however, chose not to have a trial where he could contest this charge. Instead, he chose to enter a plea to this offense as charged in exchange for downward departure sentence of probation. The score sheet indicates that the defendant faced up to 15 years in prison. At the change of plea hearing, the assistant state attorney recited a detailed factual basis for this charge. The court asked defense counsel if there was "any problem with the court finding a factual basis for any of the charges. . ." . Defense counsel responded, "No, your Honor". The defendant remained silent and did not contest the factual basis presented. The record thus refutes the defendant's claim and the motion as to this issue is denied.

(*internal citations omitted*) (Dkt. #1, Ex. #1.) To receive habeas relief, Petitioner must prove that the state court unreasonably applied federal law. 28 U.S.C. § 2254(d). Petitioner has failed to meet this burden. Garcias' voluntary and knowing plea waived his

non-jurisdictional claims up through the time of the plea, including his claims of ineffectiveness of counsel, unless they relate to whether the plea was knowing and voluntary. *See Jennings v. Crosby*, 2006 WL 2425522, at *7 (M.D.Fla., August 21, 2006) (*quoting United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir.2000)); *see also Wilson v. United States*, 962 F.2d 996 (11th Cir.1992); *United States v. Broce*, 488 U.S. 563 (1989). The alleged ineffective assistance in this claim occurred prior to the change in plea hearing. Petitioner does not contend his plea wasn't voluntary. Therefore, this ground was waived.

Further, at the change of plea hearing, Petitioner implicitly agreed with the factual basis of the charges by remaining silent when the trial court asked whether he had a problem with the factual basis for the charges. Therefore, Petitioner can not demonstrate that counsel's performance was deficient for failing to challenge the factual basis of the aggravated battery charge. And, Petitioner does not even claim that the outcome of the case would have been different had counsel contested the factual basis of the aggravated battery charge. Accordingly, this ground fails.

### III.   Ground Two

Petitioner alleges that trial counsel provided ineffective assistance by failing to "present a defense [to the second aggravated battery charge] that would adversarially [sic] test the summation and authenticity of the arrest affidavit" and the findings that the victim was pregnant. In support of his claim, Petitioner argues that the arrest affidavit supported only third degree felony aggravated battery.

This claim was waived by his guilty plea for the same reasons stated in Ground One.

Even if it weren't waived, this claim would still fail.  Petitioner raised this claim in his 3.850 Motion.  The state court denied relief on this claim as follows:

> In ground two, the defendant claims that counsel was ineffective for "failing to test adversarially [sic] the degree of the aggravated battery charge on Angela Marie Roberts."  As discussed above, the defendant chose to enter a plea to these charges in exchange for a probationary sentence.  The court specifically asked the defendant if he was entering the plea freely and voluntarily.  The defendant replied, "Yes, sir, I am."  It is clear from the record that defendant was given an opportunity to go to trial and risk a guideline sentence of up to 15 years if convicted but instead chose freely to give up this right and accept probation and avoid the risk of prison.  Therefore, his motion as to this issue is also denied.

(*internal citations omitted*) (Dkt. #1, Ex. #1.)  Counsel had no reason to contest the factual basis of the aggravated battery charges where Petitioner decided to plead to the charges.  Counsel's performance was neither deficient nor prejudicial.

## IV.     Ground Three

Petitioner alleges that his sentence for second degree felony child abuse was illegal, and resulted in manifest injustice, because the charge was actually reduced to a third degree felony.

The state court denied this post-conviction claim as follows:

> In ground three, the defendant alleges that his sentence "for a second degree felony is illegal . . . because the charge was reduced to a third degree felony child abuse".  The defendant was charged with lewd or lascivious battery in case no. 02-542CFAES.  He has not filed a motion in this case number.  Nevertheless, this court notes that when he pled to the violation of probation in his other cases he entered a plea to the lesser charge of felony child abuse in 02-542CFAES and was also sentenced to 96 months.  On April 21, 2004, the court corrected this sentence and reduced it to 60 months in prison.  The motion as to this issue is, therefore, denied as moot.

(*internal citations omitted*) (Dkt. #1, Ex. #1.)  The record supports the state court's finding that Petitioner's sentence was amended according to the plea negotiations.  (Dkt. #7, Ex. E.)

However, even if Petitioner was correct in stating that the state court imposed an illegal sentence, Petitioner would not be entitled to relief on this claim. The instant Petition addresses Petitioner's underlying aggravated battery and witness tampering convictions, not Petitioner's alleged child abuse charge which came later as part of his violation of probation. The Court can not address the merits of a claim entirely unrelated to the instant case. This ground is denied.

## CONCLUSION

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Petition for Writ of Habeas Corpus (Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondents, W.C. Smith, et. al, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on April 25, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record
S:\Even\2005\05-cv-2022.order.wpd